' POSEY vs. RICE and HALSTED.

EVIDENCE. PRACTICE: *Examination of witnesses. New trial.*

1. In an action for the price of piling furnished by the plaintiff to the defendants under a verbal contract, to be used in constructing a bridge or a railroad company, direct evidence as to the terms of another

Posey vs. Rice and Halsted.

and entirely independent contract, between the defendants and a third party, for furnishing piling for the same bridge, is not admissible on the part of the plaintiff for the purpose of establishing the terms of his own contract.

2. Neither is such testimony admissible for the purpose of contradicting the answers of a witness for the defendants, to questions put to him on cross-examination relating to such independent contract, in order to discredit such witness, nor for any other purpose. The party asking questions on cross-examination as to matters collateral to the issue, must take the answers as they are given, and cannot be permitted to disprove or contradict them.

3. The admission of improper testimony, which evidently may have had a great effect upon the minds of the jury, and thus have materially prejudiced the defeated party, is sufficient ground for reversing a judgment and granting a new trial.

APPEAL from the Circuit Court for *Crawford* County.

Action to recover the contract price for a quantity of timber for bridge piles furnished and delivered, or offered to be delivered, by the plaintiff to the defendants, under a verbal contract. After a general denial the answer alleged, by way of affirmative defense, that the defendants contracted with the plaintiff for 200 sticks of piling of a specified character, and such as should be accepted by the railroad company by which they were to be used, and to be delivered by a day certain, and that the plaintiff delivered only thirty sticks, for which they had paid him; also, that they had since settled the whole matter with him.

Upon trial the plaintiff introduced in evidence the defendants' written order, directed to him, requesting him to get out and deliver, at a place specified, a certain number of sticks of piling of specified length and size, for which they would pay him a specified price per foot, but not containing any condition as to acceptance by the railroad company, or fixing any time for delivery; and followed it by proof as to verbal negotiations between the parties, and as to the delivery and acceptance of a portion of the piles, and the refusal to accept the remainder.

One of the defendants having been sworn as a witness for the

defense, and having testified to the contract as set up in the answer, and the circumstances under which it was made, and the quantity of piling accepted and paid for, was asked, on cross-examination, whether a certain contract, made by the defendants with one Thorp, for furnishing piles for the same bridge, contained the same stipulations as to acceptance by the railroad company as the contract with the plaintiff; which question was permitted against defendant's objection, and was answered in the affirmative.

The plaintiff was afterward permitted, against the objections of the defendants, to introduce evidence to show the terms of the contract referred to, and that it contained no such stipulation.

As the case turns upon the admission of this evidence, no further statement of facts or of the proceedings on the trial, is necessary.

The jury gave the plaintiff a verdict for the value of the piles which were rejected by the railroad company as unsuitable or defective; and the defendants appealed from the judgment rendered thereon.

*M. M. Cothren & O. B. Thomas*, for appellants, argued, among other things, that parol evidence was admissible to explain and apply the written order introduced in evidence, citing *Hall v. Davis*, 36 N. H., 569; *Reay v. Richardson*, 2 C. M. & R., 422; *Emery v. Webster*, 42 Me., 204; *Waterman v. Johnson*, 13 Pick., 261; *Ganson v. Madigan*, 15 Wis., 144; 1 Greenl. on Ev., secs. 286, 287, 288; and that the admission of evidence as to the Thorp contract was an error for which the judgment should be reversed.

*G. C. Hazelton & Dutcher & Webster*, for respondent, contended that such evidence was properly admitted; that its admission was within the discretion of the court, and there was no abuse of discretion, for which the judgment would be reversed, citing 6 Barb., 383; 8 Abb., 302; 5 Tiff., 127; *Savage v. Drake*, 8 Wis., 272; *Ranger v. Goodrich*, 17 Wis., 78.; 2 Wait's Law and Practice, 415, 417, 480, 481; and that a judgment should not be re-

versed because contrary to the weight of evidence, if there was some evidence to support it, citing *Hull v. Augustine*, 23 Wis., 383.

COLE, J.    We are of the opinion that the admission of the testimony of the witness Seeley, offered for the purpose of proving the terms of the contract which the defendant Halstead had made with Thorp, was error.    That contract had really nothing to do with the one before the court, and therefore, whatever might have been its conditions, even when proven, would settle nothing in respect to the latter agreement.    For the two contracts were separate and independent and had no necessary connection with each other.

It is, however, said in support of the ruling of the court admitting this evidence about the Thorp contract, that the defendants claimed they were acting as contractors with the railroad company and Mr. Coburn, for getting out piling to be used in the construction of a temporary railroad bridge across the Mississippi river at Prairie du Chien; were making contracts with different parties for this piling; that the instructions or conditions in respect to the piling were uniform on the part of the company, and that these conditions were inserted in all contracts made by the defendants.

But we cannot see that this renders the testimony relevant and proper to the issues.    For, as it is suggested on the brief of the counsel for the defendant, the objectionable testimony would afford no ground for an inference as to what was the real contract sued on, unless it was shown that Halstead always made precisely the same kind of a contract with all parties in respect to piling, a fact impossible, we suppose, to be established by any satisfactory evidence.    Besides, it must be obvious that Halstead might have omitted, through mistake or otherwise, to make it a condition in the Thorp contract that the piling furnished by the latter should be such as the railroad company or its agent would accept from the defendants

on their contract, while at the same time, in contracting with the plaintiff he might impose that condition in most unequivocal terms. Indeed, it is apparent, that he might possibly have been willing to take the chances—though he says in his testimony that he did not—that the piling furnished by Thorp would be satisfactory to the company and be accepted, while he was unwilling to take any such risk on the piling furnished by the plaintiff ; and, hence, he might impose in the one case the condition that the piling furnished should be such as the railroad company would receive, and not make this a condition in the other case. However this might be, the proposition seems too plain to our minds to require any elaborate reasoning in its support, that the evidence about the terms of the Thorp contract had no tendency whatever to prove or disprove the principal matters in dispute in this case. And we, therefore, think it was error to admit it for the purpose of proving the terms of the contract made with the plaintiff, or for any other purpose, since the two contracts were entirely independent and distinct, though, it is true, both related to the matter of furnishing piling for the same railroad. *Ganson v. Madigan*, 15 Wis. 144–155.

It is further said that it was legitimate and proper to enquire of the defendant Halstead, about the contracts which he had made with others for piling for the railroad company, and the same general contract made by him and the other defendant with the company, and that it was proper to ask on cross-examination, questions relating to those contracts which, together with the one made with the plaintiff, went to make up, complete and perform one entire contract for furnishing piles; at any rate, that this was allowable for the purpose of testing the credibility of the witness, who was a party to the suit and testifying in his own behalf. It is familiar doctrine that on the cross-examination of witnesses much latitude of interrogation is permitted for the purpose of testing the memory, honesty, or conduct of the person under examination, and for that purpose questions may·

be asked relative to matters collateral to the issue, but the well established rule in such cases is that the party putting the questions, must take the answers as they are given. He cannot introduce evidence to disprove the answers, nor to contradict the witness as to such irrelevant and collateral matters, because to do this would tend to multiply issues almost interminably. 1 Greenl. Evi., section 449.; *Seany v. Dearborn,* 19 N. H., 335, and *Combs v. Winchester* 39 do 1. Now, in the case before us, the witness Halstead was not only asked as to the terms of the contract which he had made with Thorp in relation to piling, a matter as it seems to us wholly irrelevant and immaterial to the questions at issue—but the plaintiff was allowed to prove what that contract was by Seeley, and that it did not contain any condition that the piling furnished upon that contract should be acceptable to the company ; and of course the manifest object of this testimony was to discredit Halstead, and to contradict what he had said about the Thorp contract, and also to afford some ground for a presumption that no such condition was embraced in the contract made with the plaintiff. It seems, to us therefore, that the testimony was improper and should have been excluded.

It is, of course, impossible to tell what influence this improper testimony had on the minds of the jury. It might have induced them to disregard or discredit the statements made by Halstead in respect to the conditions of the contract entered into with the plaintiff. It possibly might have had that effect. Halstead has testified that he could only accept such piling from him as the railroad agent would receive, and no other, and that the plaintiff agreed to these terms. It appears that most of the piles furnished by the plaintiff on his contract were rejected by the agent of the railroad company, as unsuitable and defective. Still, the jury gave a verdict in favor of the plaintiff for their value, believing, of course, that they were such piles as the contract called for. Now, under these circumstances, it is very apparent that the testimony of the

witness Seeley in relation to the Thorp contract might have had a great effect in leading the jury to this conclusion, and thus have materially prejudiced the defendants. The error of the court in admitting that testimony must reverse the judgment. We are not, therefore, called upon to examine the other questions discussed upon the argument.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial ordered.