## DICKINSON VS. BUSKIE.

*November 28 — December 11, 1883.*

*Sale of chattels: Evidence: Intoxicated witness.*

1. In an action for the purchase price of lumber, evidence on behalf of the defendant that the lumber in question was not sold to him, but to another person, is admissible. *Posey v. Rice,* 29 Wis., 93, distinguished.

2. If the fact that a witness is intoxicated is brought to the attention of counsel while such witness is on the stand, the objection to his competency must be taken then, and will not avail if made for the first time on a motion for a new trial.

APPEAL from the County Court of *Dodge* County.

The case is stated in the opinion.

*H. L. Eaton,* for the appellant.

For the respondent the cause was submitted on the brief of *Gustavus Hebgen,* attorney, and *L. T. Fribert,* of counsel.

TAYLOR, J. The appellant brought his action to recover of the respondent for a bill of lumber which he claims he sold to him for the purpose of being used, and which was used, in the construction of a house for the respondent. The respondent's answer denies that he bought the lumber of the plaintiff, and alleges that he let the job of building his house to a man by the name of Joseph Freda, who agreed with him to furnish all the materials for said house, and that he did so furnish the same, and that he (the defendant) had paid said Freda in full for his work and materials furnished. The question litigated on the trial was whether the defendant purchased the lumber in question, or whether it was purchased by Freda. The bill of exceptions does not contain all the evidence given on the trial, and the only questions to be considered on this appeal are whether the court committed any errors in admitting improper evidence on the part of the defendant against the objections of the plaintiff,

and whether the court erred in refusing a new trial on the motion of the appellant.

It is claimed by the counsel for the plaintiff that the court erred in permitting the witness Freda, who was sworn on the part of the defendant, to give testimony tending to show that he purchased the lumber of the plaintiff on his own account, and that the plaintiff sold the lumber to him and not to the defendant. This seems to have been the material question in the case. · The first question objected to was the following: "Did you, on the 6th of October, buy a bill of lumber from *Dickinson?*" This was objected to as immaterial. The court said: "If he follows it up by showing that it is this same bill it will be material. Go on." And the plaintiff excepted. We see no impropriety in the question. The question at issue was whether the plaintiff had, on the 6th of October, sold a specified bill of lumber to the defendant. The defendant denies that the lumber was sold to him, and alleges it was sold to the witness Freda, and he puts Freda on the stand as a witness to confirm his testimony. The question is, To whom did the plaintiff sell the particular bill of lumber? It is not an attempt to prove what the contract between the plaintiff and defendant was by proving what were the terms of a contract between the plaintiff and the witness, as it was in the case of *Posey v. Rice*, 29 Wis., 93, cited by the counsel for the appellant. It was an attempt to prove that there was no contract between the plaintiff and defendant by showing that the witness was the party to the contract instead of the defendant. The evidence was clearly admissible. Other questions of a similar nature were asked the witness Freda and objected to by the counsel for the plaintiff. We think they were all pertinent and admissible under the issues in the case.

The bill of exceptions shows that during the examination of the witness Freda the court made the following remark: "The witness is not in proper condition to testify upon the

stand.   I have been debating what to do under the circumstances,— whether to adjourn; whether he would be in any better condition in the morning." This remark was made by the court after the witness had been examined in chief and cross-examined.   Neither the plaintiff nor defendant asked to have the court adjourn, or objected to the further examination of the witness, but he was re-examined and then cross-examined again by the plaintiff.   The case was submitted to the jury by the court upon the single point whether the plaintiff sold and delivered the lumber in controversy to the defendant.   No exceptions were taken to the instructions given to the jury.   The jury found a verdict for the defendant.   The plaintiff moved to set aside the verdict, and for a new trial, on the ground that the witness Freda was intoxicated at the time of giving his testimony; the motion was overruled and plaintiff excepted; and this ruling of the court is assigned as error.

We think the plaintiff was too late in objecting to the competency of the testimony of the witness Freda on the ground of his intoxication.   If the plaintiff considered the witness incompetent on account of intoxication, he should have objected at the time his evidence was offered. He cannot stand by and permit the witness to be examined, and cross-examine him himself, and permit his evidence to go to the jury, speculating upon the chances that the jury will give little or no weight to the testimony of the drunken witness, and then, when the jury render an adverse verdict, move to set it aside because the evidence was permitted to be submitted to the jury.   He is in no better situation as regards this witness than the defendant would have been had the verdict been against him, and it is apparent that the defendant could not have been heard to complain that his witness was intoxicated, after putting him on the stand and insisting on examining him on his part.   It is quite probable that the court would have readily adjourned the

Hogan, by guardian ad litem, vs. The Chicago, M. & St. P. R'y Co.

hearing of the case to give the witness time to sober himself and come into court in a becoming state of sobriety, had either party to the action desired him to do so. As both parties seem to have been willing to submit their rights to the determination of the jury upon the testimony of a drunken witness, the party losing must abide by the result. All the evidence is not preserved by the bill of exceptions, and we must presume that the verdict is well supported by the testimony.

*By the Court.*— The judgment of the county court is affirmed